# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-803-RJC-DCK

| MERIDIAN TECHNOLOGIES, INC., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER AND |
|  | ) | RECOMMENDATION |
| BRIANNA KERR and | ) |  |
| YOH SERVICES, LLC, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 5). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will direct Plaintiff to file an Amended Complaint, and thus, respectfully recommend that the motion to dismiss be <u>denied</u>.

## BACKGROUND

Meridian Technologies, Inc. ("Plaintiff" or "Meridian") initiated this action with the filing of a "Verified Complaint" (Document No. 1-1, pp.9-19) (the "Complaint") in the Superior Court Division of Mecklenburg County, North Carolina, Case No. 16-CVS-19038, on or about October 17, 2016. The Complaint asserts claims for (1) breach of contract, (2) tortious interference with contract, and (3) unfair and deceptive trade practices, against Brianna Kerr ("Kerr") and Yoh Services, LLC ("Yoh") (together, "Defendants"). (Document No. 1-1, pp.16-18). The crux of Plaintiff's claims are that Kerr has violated the terms of the "Meridian Technologies Recruiter Employment and Ancillary Covenants Agreement" (the "Agreement") she executed on August 12,

2013, as "an express requirement and in consideration of her employment with Meridian." (Document No. 1-1, p. 12) (citing Document No. 1-1, pp.21-27). Moreover, Plaintiff contends that Yoh intentionally induced Kerr to breach the Agreement, beginning in or about September 2016, by hiring and employing her as a technical recruiter. (Document No. 1-1, pp.15-17).

Defendants' "Notice Of Removal" (Document No. 1) was filed with this Court on November 21, 2016, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Document No. 1, p.2). Two (2) days after removing the lawsuit to this Court, on November 23, 2016, Defendants filed the pending motion to dismiss alleging that the Complaint fails to state a claim upon which relief may be granted. (Document No. 5). Defendants contend that the Complaint "fails to set forth 'enough facts to state a claim [for breach of contract] that is plausible on its face.'" (Document No. 5-1, p.5) (quoting Twombly, 550 U.S. at 570).

"Plaintiff's Response To Defendants' Motion To Dismiss" (Document No. 6) was filed on December 9 2016; and "Defendant's Reply Brief In Support…" (Document No. 7) was filed on December 16, 2016. As such, the pending motion is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v.

American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

**DISCUSSION**

Defendants contend that all of Plaintiff's claims in this lawsuit are based on Kerr's alleged violation of a non-compete provision of the Agreement, Section 4.4. (Document No. 5-1, p.2) (citing Document No. 1-1, p.23). Defendants further contend that "the only allegation Plaintiff made that Kerr violated the Agreement is contained in the conclusory statement, 'Kerr's duties as a technical recruiter for Yoh constitute 'Conflicting Services' as defined in the Agreement.'" (Document No. 5-1, p.3) (quoting Document No. 1-1, p.15, ¶26). Defendants then state:

3

> There are no allegations in the Complaint about Kerr's specific duties for Yoh or any specific conduct by Kerr or Yoh. Wholly absent from the Complaint, is any allegation that Kerr performed "Conflicting Services" by finding, recruiting or placing any specific "Candidates" on behalf of Yoh. Accordingly, and as established further below, all of Plaintiff's claims – each of which are premised on Kerr's purported breach of Section 4.4 of the Agreement – fail as a matter of law.

Id.

Defendants conclude that even if the Agreement is enforceable: Plaintiff has failed to allege any facts to support a breach of Section 4.4 of the Agreement; there are no facts to support an allegation of a breach of the Agreement; and that there are no facts to support any alleged injury. (Document No. 5-1, pp.4-5).

In response, Plaintiff contends that its Complaint contains sufficient allegations to support claims for breach of contract, tortious interference, and unfair and deceptive trade practices. (Document No. 6, p.1). Plaintiff further contends that Yoh sent a letter to Plaintiff that acknowledges that Yoh knew about the Agreement before hiring Kerr, and acknowledging that "Kerr is presently performing, in Charlotte, the same or substantially similar roles or functions for Yoh as she performed for Meridian." (Document No. 6, p.9) (citing Document No. 1-1, ¶29).

In addition, Plaintiff goes on to argue that contrary to Defendants' position, its claims are not limited to the non-compete provision of the Agreement. (Document No. 6, pp.11-12). Rather, Plaintiff asserts that the Complaint also adequately alleges violations of the non-disclosure and non-solicitation provisions. (Document No. 6, pp.12-14).

Next, Plaintiff re-asserts that its allegations in the Complaint are sufficient to state a plausible claim, but offers that if "additional facts must be pleaded, this can be readily accomplished by amendment of the complaint . . . [and] this approach would be more appropriate than dismissal with prejudice." (Document No. 6, p.15).

4

Under the circumstances of this case, the undersigned finds Plaintiff's offer to simply file an amended complaint with additional factual support to be compelling and timely. The undersigned is not entirely convinced that Rule 8 requires the level of specificity in the factual allegations that Defendants seem to argue for in their memorandum and reply brief; nevertheless, if Plaintiff can "readily" amend the Complaint to add additional support, that would appear to be worthwhile. Such amendment may allow the parties to have a meaningful discussion about resolution, or at least allow the Court to make a more informed decision on the merits of the case.

In short, the undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility outweighing the general policy favoring allowing leave to amend; therefore, the undersigned will direct Plaintiff to file an Amended Complaint which will supersede the original Complaint. As such, the undersigned will also respectfully recommend that "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 5) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes

the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file an Amended Complaint on or before **March 31, 2017**.

**IT IS FURTHER ORDERED** that the parties shall conduct an Initial Attorney's Conference pursuant to Local Rule 16.1, on or before **April 7, 2017**.

**IT IS RESPECTFULLY RECOMMENDED** that "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 5) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO ORDERED AND RECOMMENDED**.

Signed: March 23, 2017

David C. Keesler
United States Magistrate Judge